### GEORGE YOUNG v. PETER YOUNG.

**Witnesses—Competency of Divorced Wife—Bill of Exceptions Must Show What She would Have Proven.**

Where the court reject the divorced wife as a witness against her husband, what she would have proven must appear in the bill of exceptions.

**Divorce—Alimony—Support of Infant Children—Husband not Relieved.**
The allowance of alimony to the wife is only an adjudication of her right and does not relieve the husband of the obligation to provide necessaries for his infant children, and when such necessaries are furnished by another he is bound therefor.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

March 2, 1872.

OPINION BY JUDGE HARDIN:

We can perceive no error in the refusal of the Court to allow the petition in the divorce case to be read as evidence; nor do we think there was any available error in the action of the Court in rejecting Mrs. Young as a witness, from the fact occurring at the time as shown by the bill of exceptions, as it does not appear that she would have proved any particular thing, if permitted to testify, which it was competent for her to prove. We are nevertheless clearly of opinion that after the divorce she was competent to testify for or against her late husband, except as to matters known to her through or by reason of the marriage relation, or communications made by him to her during the marriage, and except also, of course, any matters as to which she might, by interest, or other like disqualifying cause have been an incompetent witness.

But on another ground the judgment will have to be reversed. If the order allowing temporary alimony to Mrs. Young, at the rate of $7.00 per week, operated, although not paid, to restrict the right of the appellant to furnish necessaries to her afterwards, and while that order was in force, to a greater amount than thereby contemplated as sufficient for her support, as that order was at most but an adjudication of the wife's right to a provision, or to obtain necessaries from others—it did not relieve the husband of his obligation to provide necessaries for his then infant children; and if, notwithstanding the allowance to their mother, more was needed for their maintenance, and furnished by the appellant, the jury should not have been restricted from allowing it in their verdict, and the instructions having that

effect were therefore erroneous. Therefore the judgment is reversed and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.

*Clemmons & Willis, for appellant.*

*Muir & Bijou, for appellee.*